UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA M. FRATERRIGO,

       Plaintiff,

v.

                                             Case No:   8:24-cv-00957-JLB-TGW

JUSTIN GREEN, FDA OCI Assistant
Commissioner for Criminal
Investigations,

       Defendant.

                                       /

## ORDER

Before the Court is *pro se* Plaintiff Cynthia Fraterrigo's Complaint (Doc. 1)

requesting review of the scope of damages granted to her by the Equal Employment

Opportunity Commission's (EEOC). Defendant Justin Green moves to dismiss (Doc.

15) the Complaint for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6). For the reasons set forth below, the Complaint is **STRICKEN** and the

Motion to Dismiss is **DENIED as moot**.

## BACKGROUND

Plaintiff's Complaint seeks to "appeal the EEOC's decision that Plaintiff is

not entitled to future pecuniary damages" following its finding that she suffered

discrimination when not selected for a position in "the Agency's Office of Criminal

Investigations[.]" (Doc. 1 at 6). The Complaint does not specify what agency

Plaintiff was denied a position in, but brings this action against Justin Green, an

Assistant Commissioner for Criminal Investigations at the Food and Drug

Administration (FDA).  (Doc. 1 at 2).  Defendant moves to dismiss the action on the grounds that Plaintiff cannot seek partial judicial review of the EEOC decision. (*See* Doc. 15).

Plaintiff moved to amend her Complaint and attached a proposed amended complaint (Doc. 17; Doc. 17-1), which this Court denied (Doc. 23) on the basis that the proposed amended complaint was an impermissible shotgun pleading.  For the same reasons that the Court found the proposed amended complaint deficient, Plaintiff's Complaint is also deficient.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Reasonable inferences from the factual allegations in a complaint are to be construed in the light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit has

identified four rough types of categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## DISCUSSION

"[I]n a case in which a party . . . files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . . This is so even when the other party does not move to strike the pleading." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (quotation omitted).

Plaintiff's Complaint does not comply with Federal Rules of Civil Procedure 8(a) or 10(b). *Weiland*, 792 F.3d at 1320 ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). Rule 8(a)(2) requires a short and plain statement of the claim showing

that Plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Further, Rule 10(b)

requires that Plaintiff state each claim "in numbered paragraphs, each limited as

far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Indeed,

the Complaint does not delineate claims into causes of action pleading the required

elements for each claim.  (*See generally* Doc. 1).  For these reasons, Plaintiff's

Complaint is an impermissible shotgun pleading.  As such, the Court **STRIKES**

Plaintiff's Complaint (Doc. 1).  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295

(11th Cir. 2018) ("A district court has the 'inherent authority to control its docket

and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss

a complaint on shotgun pleading grounds.") (quoting *Weiland*, 792 F.3d at 1320).

Accordingly, Defendant's Motion to Dismiss (Doc. 15) is **DENIED as moot**.

The Court will allow Plaintiff leave to amend.  *Vibe Mirco*, 878 F.3d at 1295

(district courts are required "to sua sponte allow a litigant *one chance* to remedy

such deficiencies") (emphasis added); *see Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d

594, 597 (5th Cir. 1981) ("[Federal Rule of Civil Procedure 15(a)] evinces a bias in

favor of granting leave to amend."); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d

1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state

a claim, a plaintiff must be given at least one chance to amend the complaint before

the district court dismisses the action with prejudice.") (quoting *Bank v. Pitt*, 928 F.

2d 1108, 1112 (11th Cir. 1991)); *Knowles v. Wellapth*, No. 1:22-CV-22349-KMM,

2022 WL 16829552, at *2 (S.D. Fla. Aug. 30, 2022) ("Pro se complaints are held to

'less stringent standards than formal pleadings drafted by lawyers and can only be

4

dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"))  (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  No further leave will be granted.

That said, the Court warns Plaintiff that her claim, as the Court understands it now, seeks review only of the scope of damages awarded her by the EEOC.  (*See* Doc. 1 at 6–8).  However, "a district court must consider a federal employee's claims of discrimination *de novo*," and a *de novo* review cannot be limited to damages.  *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005) ("[W]e reject [plaintiff]'s argument that he is entitled to a *de novo* review . . . limited to the question of damages."); *Belnavis v. Nicholson*, No. 8:05-CV-778-T-23TGW, 2006 WL 3359684, at *1 (M.D. Fla. Nov. 20, 2006) (dismissing plaintiff's claim seeking an additional compensation award following the EEOC's decision because "the law requires complete *de novo* consideration of the alleged discrimination"); *Jones v. Rogers*, No. 15-10222-CIV, 2016 WL 11917966, at *2 (S.D. Fla. Aug. 2, 2016) (same).

## CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1.  Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2.  Defendant's Motion to Dismiss (Doc. 15) is **DENIED as moot**.

3.  The Clerk of the Court is **DIRECTED** to **STRIKE** Plaintiff's Complaint (Doc. 1).

4.  Plaintiff is afforded leave to file an amended complaint.  If she chooses to

do so, the amended complaint must be filed within fourteen (14) days of the date of this Order.

**ORDERED** in Tampa, Florida, on July 8, 2025.

_____

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE